"This case comes before the court on defendant’s motion to dismiss for failure to state a claim for which relief can be *896 granted and for want of jurisdiction, plaintiffs opposition thereto, and defendant’s reply.
"Pro sc plaintiffs four-count petition claims entitlement to money damages for:
I. assorted derelictions of duty by the Federal Election Commission, including the giving of unfair competitive advantage to major party candidates and the violation of plaintiffs constitutional rights to freedom from discrimination upon racial, religious, and associational grounds;
II. improprieties by the United States Postal Service in the handling of mail relating to plaintiffs campaign for President on the Christian (nonlawyer) Party ticket;
III. breach of an implied warranty by the Veterans’ Administration for the provision of adequate medical treatment; and
IV. wrongful dismissals of various suits brought in federal courts by plaintiff.
"Counts I, II, and IV fail to state claims cognizable by the Court of Claims. None of these counts is based on contracts with the United States, on any constitutional provision or statute or regulation fairly interpretable as mandating compensation by the Federal Government, or on the illegal exaction, or retention, of monies paid to the Government. See United States v. Testan, 424 U.S. 392, 400, 401-02 (1976); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F. 2d 1002 (1967). To the extent plaintiff may have stated causes of action, they would sound in tort and thus are beyond this court’s limited jurisdiction under 28 U.S.C. § 1491 (1970).
"Count III, too, must fall. Although plaintiffs claim is cast as one for breach of implied warranties in an implied contract, he offers no basis for a conclusion that he had an implied-in-fact contract with the Veterans Administration for medical treatment. Indeed, such a showing would be virtually inconceivable, since the entitlement of veterans to VA hospital care and medical treatment is a matter of statute, 38 U.S.C. §§ 610-612 (1970), and regulation, rather than contract. Accordingly, there being no contract, inquiry into the scope of possible implied warranties is not *897 appropriate. Plaintiffs remedy, if any, would be under the Federal Tort Claims Act, which was the remedy explained to plaintiff by letter of Veterans Administration District Counsel George Moseley. Plaintiff explains he 'elected’ not to pursue his Tort Claims Act remedy but to sue in the Court of Claims. He did not have this option because the court lacks the jurisdiction to adjudicate claims, such as this one, grounded essentially in tort.
"IT IS THEREFORE ORDERED that defendant’s motion to dismiss be, and it hereby is, granted. The petition is dismissed.”